FILED

2017 Mar-01  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLARD COLE and TAMMY COLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 5:16-CV-00834-KOB |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | OPPOSED |
| | ) | |
| Defendant. | ) | |

## MOTION TO STRIKE TRIAL AND DEPOSITION TESTIMONY OF PLAINTIFFS' PROFFERED EXPERT CHUCK HOWARTH

COMES NOW Defendant Owners Insurance Company ["Owners"] and moves the Court to strike  and exclude the testimony of the Plaintiffs' proffered expert, Chuck Howarth ["Howarth"].  In support thereof, the Defendant would state as follows:

## I.  EXPERT QUALIFICATION

The determination as to whether a witness is an expert is governed by Federal Rule of Evidence 702, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other

specialized knowledge will help the trier of
fact understand the evidence or to determine
a fact in issue;

(b) the testimony is based on sufficient facts
or data;

(c) the testimony is the product of reliable
principals and methods; and

(d) the expert has reliably applied the princi-
pals and methods used to the facts of the case.

In the case at hand, Howarth has been identified by the plaintiffs as an expert who
will testify that Owners acted in bad faith in dealing with the Coles.  Owners will
show to the Court that Howarth is not an expert on bad faith.  Owners will further
show that the Howarth's proposed testimony will not assist the trier of fact in this
instance.

II.   HOWARTH IS NOT QUALIFIED TO TESTIFY AS AN EXPERT
ON BAD FAITH.

To testify as an expert on a particular subject, a witness must demonstrate
that he is qualified to give such  testimony.  At his deposition, Howarth explained
that he was not an attorney.  [Exhibit A - Howarth deposition – page 108, line 12].
He agreed that bad faith in insurance is a legal question.  [Exhibit A – page 105,
line 1].  Because he is not an attorney, Howarth is not qualified to speak on bad
faith.

Howarth's lack of expertise in the area of bad faith was made abundantly

clear when, at deposition, he was asked some basic questions about Alabama law

on bad faith.   Howarth admitted that he did not know the difference between

"normal bad faith" and "abnormal bad faith".   In that regard the following

exchange occurred:

> Q.   Do you know the difference between
> what the Alabama court[s] refer to [as]
> normal bad faith and abnormal bad
> faith?

> A.   No, sir, I don't think I know the difference
> between those.

> [Exhibit A – page 110, line 14].

Howarth was also unable to state the essential elements of a bad faith claim in

Alabama, stating that he determines what constitutes bad faith in Alabama by

looking at unfair claims settlement provisions from other states such as Tennessee,

Kentucky and Florida.   [Exhibit A – page 106, line 4].   Because he does not know

what bad faith is, Howarth is not qualified to give expert testimony to a jury on the

question of bad faith.

### III.   HOWARTH HAS NO SPECIAL KNOWLEDGE  WHICH WOULD HELP THE JURY UNDERSTAND BAD FAITH

Howarth's claim that he is an expert on bad faith stems from a belief that he

knows bad faith when he sees it.   He offers nothing more than bare, unsupported

conclusions.   Such conclusion do not make Howarth an expert on bad faith.

In Carneal v. Travelers Cas. Ins. Co. of Amercia, 2013 WL 5939879 (W.D. Ky. November 5, 2013),  the same Chuck Howarth who presents himself as a bad faith expert in this case was presented as a bad faith expert.  The Judge in that case ruled that Howarth was not a bad faith expert, stating:

> In this  regard, Howarth's opinions merely tell the trier of fact what result to reach by stating legal conclusions that say little if anything about the facts of this case. Thus, these opinions must also be excluded.

Howarth's testimony as to bad faith is due to be excluded in the present case for the same reason.  Here, Howarth does not offer assistance to the jury that would help it determine if this is a case of bad faith.  Instead, Howarth offers the jury only his own conclusions as to bad faith.

## IV.   HOWARTH SEEKS TO USURP THE ROLE OF THE JURY

A typical juror can listen to the evidence presented and determine if there is any merit to the Plaintiffs' bad faith claim.  In Tardiff v. Geico Indem. Co., 481 Fed.Appx. 584 (11th Cir. 2012) the 11th Circuit affirmed the District Judge's order excluding the testimony of a bad faith expert who was to testify as to industry standards for handling insurance claims.  The Circuit Court agreed with the trial Judge's determination that any normal person could figure out whether the insurer's conduct was reasonable or unreasonable.

The same result was reached in VJ, LLC v. State Auto Property and

Casualty Co., 2016 WL 7497580 (W.D. Tenn. July 11, 2016). In that case, the

Court cited the holdings in Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932

(10th Cir. 1994) and Tannenbaum v. Federal Ins. Co., 608 Fed.Appx. 316 (6th Cir.

2015), in support of its decision to exclude the testimony of a so-called bad faith

expert (Chuck Howarth) stating:

> The basis for Howarth's conclusion is that State
> Auto's conduct was contrary to how a claims ad-
> juster applying a vacancy clause should perform
> an investigation under industry standards. (citation
> to record omitted). As in Tannebaum and Thompson,
> the jury can decide for itself whether State Auto
> acted intentionally, fraudulently, maliciously, or
> recklessly during the investigation. The Motion to
> exclude testimony by Howarth about State Auto's
> handling of the claim is GRANTED.

## V.    AN EXPERT IS NOT NEEDED IN A BAD FAITH CASE

It is Owners' position that a bad faith expert is never needed. In support of

this position, Owners would point to Dattilo v. State Farm Ins. Co., 1997 WL

644076 (E.D. Pa. October 17, 1997), aff'd 168 F.3rd 478 (3rd Cir. 1998), wherein

the Court noted that expert testimony is not appropriate in a typical bad faith case,

stating:

> In addition, there is serious question as to whether this
> so-called expert should be permitted to testify. He
> qualified as a person experienced in claims handling
> and adjusting on behalf of insurers, but this is not a
> malpractice case in which the insurer's conduct would
> be judged against the standards of the industry. Bad
> faith is a legal concept of general application which

does not require that scientific, technical or specialized
knowledge be presented to assist the trier of fact.  The
witnesses' opinion is nothing more than subjective
speculation unsupported by any scientific or specialized
knowledge.

VI.   <u>HOWARTH'S TESTIMONY IS AN IMPROPER ATTEMPT
TO ACT FOR THE JUDGE IN THIS CASE</u>

Howarth is completely unnecessary to this case because the primary role he

seeks to fill is already assigned.  An expert witness is not needed to instruct the

jury as to the law.  Our legal system reserves to the trial judge the role of deciding

the law for the benefit of the jury.  That this is the role of the trial judge was best

explained in <u>Burkhart v. Washington Metropolitan Area Transit Service,</u>  112 F.3d

1207(D.C. Cir. 1997).  In that case, the court held that the testimony of an attorney

expert was not admissible because it provided no assistance to the jury and served

to confuse the matter.  The <u>Burkhart</u> Court ruled that attorney's expert testimony as

to the law was not needed because:

> Each courtroom comes equipped with a "legal expert",
> called a judge, and it is his or her province alone to
> instruct the jury on the relevant legal standards.
> <u>Id.</u> at 1213.

Experts are not allowed to testify as to what the applicable law means because to

do so would be an impermissible intrusion upon the role of the trial judge. See,

<u>Phillips v. Harris</u>, 643 So. 2d 974 (Ala. 1994)( An expert witness cannot give an

opinion that is a legal conclusion or amounts to the application of a legal

definition); <u>Goodman v. Harris County,</u> 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law"); <u>In re Centrix Financial , LLC,</u> 2015 WL 3523399 (D. Colo. June 3, 2015) (Expert opinion that there was no coverage under a bond was excluded because it was a legal conclusion).

VII.  <u>HOWARTH'S TESTIMONY IS ALSO DUE TO BE
       EXCLUDED PURSUANT TO FRE RULE 403.</u>

Rule 403 of the <u>Federal Rules of Evidence</u> provides that evidence that is otherwise admissible may be excluded by the Court if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury.

Howarth's testimony on bad faith is of absolutely no value to the jury in this case.  However, in an abundance of caution, Owners would state that to the extent Howarth's testimony might somehow be found to have some minimal value, it is due to excluded nonetheless per Rule 403 of the <u>Federal Rules of Evidence</u>.

The jury will hear the elements of bad faith directly from the judge. Howarth does not know the elements of bad faith.  Any reasonable juror can make a determination as to bad faith without being subjected to Howarth's speculation as to this ultimate issue.  Any slight value to Howarth's testimony is far outweighed by the fact that it will only confuse the issues and mislead the jury.

VIII. <u>OWNERS RESERVES THE RIGHT TO OBJECT TO HOWARTH'S TESTIMONY AS TO VALUE OF THE LOSS, BECAUSE IT IS REDUNDANT.</u>

In this case, the Coles have indicated that they will present Chuck Howarth and his associate, Arthur Grandinetti, as experts as to the value of the loss. These same individuals were identified as valuation experts in <u>VJ, LLC</u>, Supra. In that case, the defendant insurance company moved to exclude the testimony of Howarth as redundant because Grandinetti was going to offer the same testimony.

The Court in <u>VJ, LLC</u> held as follows regarding this motion to exclude Howarth's valuation testimony as redundant: "Excluding expert testimony as redundant is premature if there are pending dispositive motions and the trial is sufficiently far away that the party proffering the expert has not finalized its decision about who will testify to what information and in what order." That Court thus denied the motion to exclude Howarth's testimony, <u>without prejudice</u>, on the grounds that it was premature.

In light of this ruling, Owners reserves the right to address this issue at a later date and to offer evidence at that time showing that Howarth's proposed testimony would be the same as that of Grandinetti.

IX. <u>CONCLUSION</u>

For the reasons set forth above, all testimony and proposed testimony of

Howarth as to bad faith is due to be stricken as he is not qualified to testify as an expert on bad faith, and his testimony on this topic will not assist the jury.

/s/ Warren "Bo" Burke, Jr.

_____

Warren H. Burke, Jr. (ASB-4684-B65W)
Attorney for Owners

/s/ Daniel R. Klasing

_____

Daniel R. Klasing (ASB-2630-G66D)
Attorney for Owners

**OF COUNSEL:**
KLASING, WILLIAMSON & BURKE, P.C.
1601 Providence Park
Birmingham, Alabama 35244
(205) 980-4733phone
(205) 980-4737fax
burkejr7@aol.com
danklasing@bellsouth.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed the foregoing with the below listed attorneys of record for the Plaintiffs on this the 1st day of March, 2017, by filing same electronically with the Clerk of Court which will cause a copy of same to be served on the following:

Gary V. Conchin
Kenneth B. Cole, Jr.

Franklin Taylor Rouse
Conchin, Cloud & Cole, LLC
2404 Commerce Court
Huntsville, AL 35801

/s/  Warren "Bo" Burke, Jr.
_____
OF COUNSEL